Filed 6/8/16  P. v. Gallow CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080052 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F08400) |
| v. | |
| RAYMOND GALLOW, | |
| Defendant and Appellant. | |

On December 29, 2014, defendant Raymond Gallow was seen driving a car with a license plate that belonged to a different car.  Sacramento County Sheriff's deputies initiated a traffic stop using lights, but defendant refused to yield.  A high-speed chase through a residential neighborhood ensued.  When defendant finally stopped, it was determined the car was stolen.

The People charged defendant with several felonies including the unlawful taking or driving of a vehicle and evading a peace officer.  The People also alleged several sentencing enhancements.

1

Defendant initially pled not guilty to all the charges and denied the enhancement allegations. He later filed a motion to strike his prior strike offense under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, which the trial court denied.[1] He also filed a motion for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the trial court also denied.

Defendant then pled no contest to the unlawful taking or driving of a vehicle and felony evasion; he admitted a prior conviction for the unlawful taking or driving of a vehicle, a prior strike conviction, and to serving three prior prison terms. In exchange for defendant's plea, the People agreed to a stipulated, aggregate term of 12 years four months in state prison. The remaining charges would be dismissed and the remaining allegations struck at sentencing in the interest of justice.

The trial court later sentenced defendant in accordance with his plea, awarded him 456 days of conduct credit, and ordered him to pay various fines and fees.

Defendant appeals. His request for a certificate of probable cause was denied.

DISCUSSION

Counsel for defendant has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Our independent review of the record reveals that the trial court, apparently inadvertently, failed to dismiss the balance of the pending charges and allegations, as

---

[1] This motion was filed before the People amended the information to allege two prior strike offenses instead of just one.

2

contemplated in the plea agreement.  We modify the judgment accordingly (Pen. Code, § 1260) in order to conform the judgment to the plea.

Having undertaken an examination of the entire record, we find no further arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed as modified.


/s/
Robie, J.

We concur:


/s/
Hull, Acting P. J.


/s/
Butz, J.

3